UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X          **COMPLAINT**
STEVEN GREENE,

                                              Plaintiff(s),          Civil Action No.:

        - against -

WILDIN FERNANDEZ and
UNITED STATES POSTAL SERVICE,

                                              Defendant(s).
-----------------------------------------------------------------------X

        Plaintiff, by and through his attorneys, WINGATE, RUSSOTTI, SHAPIRO, MOSES &

HALPERIN, LLP, as and for a Complaint herein, respectfully sets forth and brings this action

against the Defendants WILDIN FERNANDEZ and UNITED STATES POSTAL SERVICE for

damages, and alleges as follows:

## JURISDICTION & VENUE

        1.      This action arises under the Federal Tort Claims Act, Sections 2671 through

2680 of the United States Code (28 USC §§ 2671-2680). This Court is vested with jurisdiction

pursuant to Sect ion 1346(b) of Title 28 of the United States Code 28 USC § 1346(b), as well as

Section 1367(a) of Title 28 of the United States Code 28 USC § 1367(a).

        2.      Venue is proper in this District pursuant to 28 USC § 1402(b) because the

Defendant resides in this District, and the acts and omissions complained of below occurred within

this District.

        3.      That by reason of the foregoing, this Court has jurisdiction over this matter.

## FACTUAL BACKGROUND

4.      The cause of action arose in the County of Kings, City and State of New York.

5.      That at all times herein mentioned, the defendant, THE UNITED STATES

POSTAL SERVICE, was and still is a corporation, agency, sovereign and body politic.

6.      That at all times hereinafter mentioned, Defendant, UNITED STATES POSTAL

SERVICE is a constituent department or body of the UNITED STATES OF AMERICA, and that

the said UNITED STATES POSTAL SERVICE is under the direction and control of the

Defendant THE UNITED STATES OF AMERICA.

7.      That heretofore, and on June 22, 2021 the plaintiff did file with the aforesaid

agency an SF-95 by certified mail, return receipt requested, claim for personal injury caused by

the negligence, wrongful acts and/or omissions of the employees of the Government while acting

within the course and scope of their authority and said claim was filed within two years from the

date of the accident which gave rise to the claim pursuant to 28 U.S.C.§2401(b).

8.      That said claim as not been adjudicated or settled.

9.      That this claim is brought under and by virtue of the Federal Tort Claims Act, US

Code Annotated Judiciary and Judicial Procedure, 28 US Code, §1346(b), and other applicable

statutes and precedents.

10.     That the matter in controversy, exclusive of interest and costs, exceeds the sum of

$50,000.00.

11.     That venue is proper under 28 U.S.C. 1402 as the events giving rise to the claim

occurred within this judicial district.

2

## AS AND FOR THE FIRST CAUSE OF ACTION

12.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE was the registered owner of a Mack Truck, bearing Federal license plate number "6618051", year of manufacture unknown and hereinafter referred to as the "Mack Truck."

13.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE was the titled owner of the aforesaid Mack Truck.

14.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE was the lessee of the aforesaid Mack Truck.

15.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE was the lessor of the aforesaid Mack Truck.

16.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE managed the aforesaid Mack Truck.

17.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE, maintained the aforesaid Mack Truck.

18.    That on or about May 12, 2020, Defendant, UNITED STATES POSTAL SERVICE, controlled the aforesaid Mack Truck.

19.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, was the operator of the aforesaid Mack Truck registered to and owned by Defendant, UNITED STATES POSTAL SERVICE.

20.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, was the operator of the aforesaid Mack Truck, titled to and owned by Defendant, UNITED STATES POSTAL SERVICE.

21.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, was the operator of the aforesaid Mack Truck.

22.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, managed the aforesaid Mack Truck.

23.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, maintained the aforesaid Mack Truck.

24.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, controlled the aforesaid Mack Truck.

25.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, operated the aforesaid Mack Truck with the knowledge of Defendant, UNITED STATES POSTAL SERVICE, either expressed or implied.

26.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, operated the aforesaid Mack Truck with the permission of Defendant, UNITED STATES POSTAL SERVICE, either expressed or implied.

27.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, operated the aforesaid Mack Truck with the permission of Defendant, UNITED STATES POSTAL SERVICE, either expressed or implied.

28.     That on or about May 12, 2020, Defendant, WILDIN FERNANDEZ, operated the aforesaid Mack Truck within the scope of his employment with Defendant, UNITED STATES POSTAL SERVICE.

29.     That at all times hereinafter mentioned, the location of Pennsylvania Avenue, where it intersects with Hegeman Avenue, in the County of Kings, City and State of New York, was and still is a public roadway/highway and/or area accessible to the public, and is used extensively by the public in general.

30.     That on or about May 12, 2020, Plaintiff, STEVEN GREENE, was operating a 2016 vehicle, bearing license plate number HPE1878.

31.     That on May 12, 2020, the aforesaid motor vehicles came into contact with each other at or about the intersection of Pennsylvania Avenue and Hegeman Avenue, in the County of Kings, City and State of New York.

32.     That at the aforesaid time and place on May 12, 2020, Defendants' motor vehicle came into contact with, hit, collided with and violently, suddenly and unexpectedly struck the 2016 vehicle driven by Plaintiff, STEVEN GREENE, by the sole reason of negligence, carelessness and recklessness of Defendants, individually and/or jointly their agents, servants, contractees, licensees and/or employees, without any fault of negligence on the part of Plaintiff contributing thereto.

5

33.    Plaintiff, STEVEN GREENE, was caused to sustain serious personal injuries solely as a result of the negligence of Defendants, individually and/or jointly, their agents, servants, contractees, licensees and/or employees, in the ownership, operation, control, management, maintenance, repair, and supervision of their motor vehicle, without any fault of negligence on the part of any and all Plaintiff, STEVEN GREENE, contributing thereto.

34.    Defendants were negligent, careless and reckless in the ownership, operation, control, maintenance, management, repair and supervision of their motor vehicle, and in violation of the applicable laws, statutes, rules, regulations, codes and ordinances of the County of Kings, City of New York; State of New York; the Vehicle and Traffic Laws of the State of New York, along with all other applicable laws, statutes, rules, regulations, codes and ordinances that the Court will take judicial notice of at the time of trial.

35.    That by reason of the foregoing, and the negligence, carelessness and recklessness of Defendants, Plaintiff, STEVEN GREENE, has been rendered sick, sore, lame, and disabled; was seriously, severely and permanently injured, bruised and wounded; was caused to suffer and will continue to suffer physical pain, mental anguish and bodily injuries and a shock to his nervous system, all with accompanying pain; still suffers and will continue to suffer physical pain and bodily injuries and become sick, sore, lame and disabled and so remain for a considerable length of time.

36.    That by reason of the foregoing, Plaintiff, STEVEN GREENE, has been unable to attend to her usual and daily occupation, duties and activities in the manner required.

37.    That by reason of the foregoing, Plaintiff, STEVEN GREENE, was compelled to, and did necessarily, require medical aid and attention, and did necessarily expend sums of

6

money and become liable therefore for hospital, surgical and medical care, treatment and medicines; and Plaintiff, STEVEN GREENE, will necessarily incur similar expenses; and said loss continues to date.

38.     Solely as a result of Defendants' negligence as aforesaid, Plaintiff was personally injured, incurred expenses for hospital, surgical and medical care, treatment and medicines, and was prevented from performing his usual and customary duties, activities and occupation.

39.     That as a result of the foregoing, Plaintiff, STEVEN GREENE, has sustained a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined by Section 5102(d) of the Insurance Law of the State of New York.

40.     That by reason thereof, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

41.     That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff.   Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

## AS AND FOR SECOND CAUSE OF ACTION

42.     Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

43.     That at all times mentioned herein, it was the duty of the Defendant, UNITED

7

STATES POSTAL SERVICE its agents, servants and/or employees to ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

44.     That at all times mentioned herein, it was the duty of the Defendant, UNITED STATES POSTAL SERVICE, its agents, servants and/or employees to ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

45.     That by reason of the negligence of Defendant UNITED STATES POSTAL SERVICE, its servants, agents and/or employees, in negligently entrusting its motor vehicle to Defendant operator, Defendant, WILDIN FERNANDEZ, Plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of Plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum of SEVEN MILLION ($7,000,000.00) DOLLARS, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       February 17, 2022


                                        Yours, etc.,

Douglas A. Milch, Esq.
WINGATE, RUSSOTTI, SHAPIRO, MOSES &
HALPERIN, LLP
Attorney(s) for Plaintiff(s)
420 Lexington Avenue, Suite 2700
New York, NY 10170
(212) 986-7353